```
          IN THE UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                   HOT SPRINGS DIVISION
```

DANNY JONES                                          PLAINTIFF

v.                      Case No. 6-07CV6073

HOT SPRINGS COUNTY MEDICAL
CENTER                                               DEFENDANT

### MEMORANDUM OPINION AND ORDER

Plaintiff Danny Jones instituted this action pro se against his former employer, Hot Springs County Medical Center, alleging that Defendant discharged him due to his race, African-American, in violation of Title VII of the Civil Rights Act of 1964, and his age, 59, in violation of the Age Discrimination in Employment Act of 1967. (Doc. 1)  Presently before the Court is Defendant's Second Motion for Summary Judgment. (Doc. 26)  As reflected herein, Defendant's motion is GRANTED as to Plaintiff's claims for discrimination, and these claims are DISMISSED WITH PREJUDICE.

**I.  BACKGROUND**

Plaintiff began working for Defendant in its psychiatric ward as a mental healthcare technician in September 2003. (Doc. 26, exhibit 11)  Prior to his employment, Plaintiff went through an employee orientation that included a review of Defendant's sexual harassment policies.  At this time and again in 2004, the Plaintiff signed an acknowledgment that he would abide by the Defendant's sexual harassment policy.  Language in the signed acknowledgment stated that

"any violation of this policy may result in termination." (Doc. 26, Jones Dep. p. 20-21, Exhibits 5 and 6).

The Defendant's records indicate, and EEOC's investigation confirms three reports of Plaintiff's violation of Defendant's sexual harassment policies. (Doc. 26, exhibit 10) Plaintiff does not deny that the complaints were made but contends they are untrue. In the first report (July 2006), Plaintiff was written up when a female co-worker reported that she overheard another female co-worker speak of inappropriate comments the Plaintiff made to her about her physique, sexual orientation, and dating preferences. (Doc. 26, Jones Dep. Exhibit 7). In the second report, a female patient complained that the plaintiff blew kisses at her from the parking lot. (Doc 29, Jones Dep. p. 39). In the third report (dating to the events of October 19, 2006), a male patient reported to hospital staff that the Plaintiff had made sexually explicit comments to him and touched him inappropriately. (Doc. 29, Black Aff. p. 1-2)

On October 27, 2006, Defendant discharged Plaintiff for violating its sexual harassment policy. In January 2007 Plaintiff met with an EEOC investigator for an expanded presence interview. The report from the EEOC interview indicated that the plaintiff did not know why he was discharged and that he had not chosen to file a charge. (Doc. 26, Jones Dep. p. 60-61). In February 2007, Plaintiff reconsidered and filed a Charge with the Commission. (Doc. 26, Jones Dep. p. 60)

2

**AO72A**
**(Rev. 8/82)**

Defendant moves for summary judgment, asserting that Plaintiff cannot establish a prima facie case of discrimination, and that, in any event, he was discharged for legitimate, non-discriminatory reasons.  (Doc. 26)

## II.  Summary Judgment Standard

In determining whether summary judgment is appropriate, the facts and inferences from the facts are viewed in the light most favorable to the non-moving party, and the burden is placed on the moving party to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56©; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986); *Nat'l. Bank of Commerce of El Dorado, Arkansas v. Dow Chem. Co.*, 165 F.3d 602 (8th Cir. 1999).

Once the moving party demonstrates that the record does not disclose a genuine dispute on a  material fact, the non-moving party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in Rule 56, must set forth specific facts showing that there is a genuine issue for trial.  *Fed R. Civ. P. 56(e).*  The plain language of Rule 56(c) mandates the entry of summary judgment against a non-moving party which, after adequate time for discovery, fails to make as showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial.

3

*Cobbs v. Grapat Employers, Inc.,* 2006 U.S. Dist. Lexis 40837 *(*citing *Celotex Corp.,* 477 U.S. 317, 322 (1986)).

If the plaintiff fails to make a showing sufficient to establish the existence of an element essential to his case and on which he will bear the burden of proof at trial, then the defendant is entitled to judgment as a matter of law and all other facts are rendered immaterial. *See Thelma D. By Delores A. v. Bd. of Educ.,* 934 F.2d 929, 932 (8th Cir. 1991).

### III. DISCUSSION

To establish a prima facie case of discrimination, a plaintiff must prove that: "(1) he or she is a member of a protected class; (2) he or she was meeting the legitimate expectations as to his or her duties; (3) he or she suffered an adverse employment action,; and (4) 'circumstances give rise to an inference of discrimination as similarly situated employees, who were not members of the protected group, were treated differently.'" *Gilooly v. Missouri Dept. of Health and Senior Services,* 421 F.3d 734, 738-39 (8th Cir. 2005) (quoting *Jacob-Mua v. Veneman,* 289 F.3d 517, 521-22 (8th Cir. 2002)).

Once a plaintiff has established a prima facie case, the employer has the burden of explaining its actions with legitimate, nondiscriminatory reasons. If the employer puts forth legitimate reasons for its actions, the burden shifts back to the plaintiff to show that the employer's stated reasons were a pretext for discrimination. *See McDonnell Douglas Corp. v. Green,* 411 U.S. 792,

4

802 (1973); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 506-07 (1993); *Chock v. Northwest Airlines, Inc.*, 113 F.3d 861, 863 (8th Cir. 1997).

Plaintiff claims discrimination based upon his race and age. Plaintiff argues that the Defendant discharged him because he was an African-American and that he was 59 years old.  It appears undisputed that the Plaintiff satisfies that the first three elements of a prima facie case; however Plaintiff's prima facie case still fails because Plaintiff has not demonstrated that his termination occurred under circumstances giving rise to an inference of discrimination.

However, assuming Plaintiff could establish a prima facie case of either race or age discrimination, which the Court doubts; Defendant provided a legitimate non-discriminatory reason for discharging Plaintiff.  The Defendant contends Plaintiff was discharged as a result of three separate allegations of sexual misconduct from three different sources.  Accordingly, the burden shifts to Plaintiff to demonstrate that Defendant's reason is merely pretext for intentional discrimination. While Plaintiff contends the complaints are not true, proof that Defendant's reasons are false or incorrect does not, standing alone, entitle the plaintiff to judgment; instead, the showing must be that the explanation is a pretext for discrimination. *See Hicks, supra*.  Plaintiff has failed to produce any evidence of discrimination, either direct or indirect that has demonstrated a genuine issue of material fact for trial that

5

the reason he was discharged is a pretext for intentional discrimination.

To the contrary Plaintiff has stated that none of the individuals connected with his discharge had ever said or done anything that would indicate that any of the individuals would make an employment decision based on one's race or age. (Doc 26, Jones Dep. p. 75, 77). The only evidence Plaintiff provides is of a co-worker who had previously made comments about Plaintiff's work performance and suggested that he retire. (Doc 26, Jones Dep. p. 80). This circumstance however does not meet the standards to suggest an inference of discrimination as it does not present anything more than speculation and conjecture (co-worker was not an individual associated with Plaintiff's discharge).

Additionally, discrimination can be inferred if similarly situated employees who are not members of the protected class were treated differently. *See Clark v. Runyon*, 218 F.3d 915, 918 (8th Cir. 2000). Here, Plaintiff has failed to produce any evidence that the Defendant treated similar situated employees who were younger than Plaintiff or not African-American differently. To the detriment of the Plaintiff's claim, it is noted in the EEOC interview that Plaintiff provided information of a Caucasian female making sexual harassment allegations against an African-American male employee who was not discharged. (Doc 26, Exhibit 10).

AO72A
(Rev. 8/82)

**III. CONCLUSION**

    Based on the foregoing, the Court has no choice but to grant Defendant's Motion for Summary Judgment and Plaintiff's case is DISMISSED in its entirety.

    IT IS SO ORDERED AND ADJUDGED this 10th day of July 2008.

                                /s/ Robert T. Dawson
                                Honorable Robert T. Dawson
                                United States District Judge

AO72A
(Rev. 8/82)